IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THUY VO, | |
| *Plaintiff*, | Civil Action No. 2:18-cv-1364 |
| v. | Hon. Peter J. Phipps |
| ROBERT GILMORE, MICHAEL ZAKEN, and STEPHEN DURCO, | Re: ECF Nos. 9, 10, & 29 |
| *Defendants*. | |

## ORDER ON REPORT AND RECOMMENDATION

Before the Court is a Report and Recommendation to deny plaintiff's motions for preliminary equitable relief. *See* R. & R., ECF No. 29 (Feb. 26, 2019); Pet. TRO & Prelim. Inj., ECF No. 10 (Nov. 27, 2018); Mot. Inj've Relief, ECF No. 9 (Nov. 27, 2018). Plaintiff had until March 15, 2019, to file objections to that Report and Recommendation, and he did not do so. For the reasons articulated below, the Court adopts the recommendation and denies plaintiff's motions.

The reasoned consideration standard governs review of the Magistrate Judge's recommendation in this case. When a magistrate judge addresses a prisoner petition challenging the conditions of confinement, Rule 72 requires that the magistrate judge issue a Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(1). If a party objects to that report and recommendation, then a *de novo* standard governs the district court's review. *See* Fed. R. Civ. P. 72(b)(3). Rule 72, however, is silent on the standard for district court review in the absence of objections. In such an instance, the Third Circuit has explained that a district court should still "afford some level of review to dispositive legal issues raised by the report." *EEOC v. City of*

*Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)). And in light of a district court's duty "to make an informed, final determination," *Henderson*, 812 F.2d at 878, the Third Circuit has observed that "the normal practice of the district judge is to give some reasoned consideration to the magistrate's report before adopting it as the decision of the court," *id.*; *see also City of Long Branch*, 866 F.3d at 100. Accordingly, in the absence of objections, review of a Report and Recommendation proceeds under the reasoned consideration standard, which is applied here.

The Magistrate Judge recommends denial of plaintiff's motions. Motions for preliminary equitable relief are governed by a four-factor test, with the first factor being a reasonable probability of success on the merits. *See* R. & R. at 2 (citing *Am. Express Travel Related Servs., Inc. v. Sidamon-Eristoff*, 669 F.3d 359, 366 (3d Cir. 2012)). The Report and Recommendation does not consider all four factors, but instead relies on the *NutraSweet* decision for the proposition that "the moving party's 'failure to establish *any element* . . . renders a preliminary injunction inappropriate." *Id.* (emphasis added) (quoting *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999)). From there, the report explains that plaintiff's motions should be denied because plaintiff cannot satisfy the first factor for a preliminary injunction, a reasonable probability of success on the merits. *See id.* at 3-7. The Magistrate Judge correctly explains that plaintiff cannot demonstrate a reasonable probability of success on the merits, and on that basis alone, plaintiff's motions should be denied.

One item merits further attention. The Third Circuit has recently clarified the standard articulated in *NutraSweet*, which required denial of a motion for preliminary equitable relief when *any of the four factors* is not satisfied. *See NutraSweet*, 176 F.3d at 153. Under the refined

standard, a motion for preliminary injunctive relief must fail when the movant cannot satisfy *either of the first two factors*:

> [A] movant for preliminary equitable relief must meet the threshold for the first two "most critical" factors: it must demonstrate that it can win on the merits (which requires a showing significantly better than negligible but not necessarily more likely than not) and that it is more likely than not to suffer irreparable harm in the absence of preliminary relief.

*Reilly v. Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017) (footnotes omitted). That recent clarification carries no consequence here. Because the Magistrate Judge correctly determined that plaintiff cannot meet the first factor, plaintiff's motions fail under the *Reilly* standard.

For these reasons, upon independent review of the record, IT IS HEREBY ORDERED that plaintiff's motions, ECF Nos. 9 & 10, are DENIED.

**April 5, 2019**                                         BY THE COURT:

                                                          /s/ *Peter J. Phipps*
                                                          PETER J. PHIPPS
                                                          UNITED STATES DISTRICT JUDGE