# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THUY VO, | ) |
|     Plaintiff, | ) Civil Action No. 18-1364 |
| | ) District Judge J. Nicholas Ranjan |
|     v. | ) Magistrate Judge Maureen P. Kelly |
| ROBERT GILMORE, MICHAEL ZAKEN, and STEPHEN DURCO, | ) Re: ECF No. 61 |
|     Defendants. | ) |

## MEMORANDUM ORDER

Plaintiff Thuy Vo ("Plaintiff") initiated this *pro se* prisoner civil rights action pursuant to 42 U.S.C. § 1983 on October 15, 2018. ECF Nos. 1, 8. Plaintiff is incarcerated at the State Correctional Institution at Greene ("SCI-Greene"), and he asserts claims against three SCI-Greene employees. Plaintiff alleges that Defendants violated his Fourth Amendment right to bodily privacy through its policy of video-recording strip searches.

Presently before the Court is Plaintiff's Motion for an Order Compelling Discovery ("Motion to Compel Discovery") filed by Plaintiff and Defendants' Response thereto. ECF Nos. 61, 63. For the reasons set forth below, Plaintiff's Motion to Compel Discovery is denied.

## I. RELEVANT PROCEDURAL HISTORY

Plaintiff's Complaint was filed on November 27, 2018, and he later filed the operative Amended Complaint on February 22, 2019. ECF Nos. 8, 26. In his Amended Complaint, Plaintiff claims that Defendants violated his Fourth Amendment rights by "implement[ing] a policy of video-recording strip searches of inmates going to, and coming from contact visits, and while using the bathroom." ECF No. 26 ¶ 8. Plaintiff alleges that inmates are subjected to strip searches "with

their genitals and private parts in full view of a 360 degree ceiling camera every time they wish to have contact visits, or use the bathroom during visits." Id. ¶ 12. These recordings are stored and "viewed at all times by SCI-Greene's security staff," which includes prison officials not present during the search and individuals of the opposite sex. Id. ¶ 13.

On March 11, 2019, Defendants moved to dismiss Plaintiff's Amended Complaint. ECF No. 30. Defendants argued that Plaintiff's claims should be dismissed because the searches are reasonable under the standard set forth in Bell v. Wolfish, 441 U.S. 520, 558 (1979), and therefore do not violate Plaintiff's Fourth Amendment rights. ECF No. 31. In support of their Motion, Defendants relied in part on a declaration from Defendant Michael Zaken (the "Zaken Declaration"). Zaken identified various precautions that SCI-Greene officials purportedly have taken to ensure that inmates' private areas are not recorded during strip searches and to limit the circumstances in which the videos are viewed. ECF No. 31-1. The Zaken Declaration that Defendants filed is partially redacted. Id.

On July 24, 2019, the Court issued a Report and Recommendation which recommended that the Motion to Dismiss be denied. ECF No. 44. The Court concluded that "Plaintiff's allegations that nude images of Plaintiff are recorded and stored for an unknown amount of time, are viewed by various prison officials, including officials of the opposite sex, and that this policy was imposed for retaliatory purposes, raise questions of fact regarding the reasonableness of relevant searches under Bell and therefore preclude dismissal at this early stage." Id. at 5. United States District Judge Nicholas J. Ranjan adopted the Report and Recommendation on August 13, 2019. ECF No. 47.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 26(b)(1) defines the permissible scope of discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the Court's discretion and judgment. It has long been held that decisions relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. Wisniewski v. Johns–Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. Morrison v. Phila. Hous. Auth., 203 F.R.D. 195, 196 (E.D. Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust Litig., 261 F.R.D. 570, 573 (D. Kan. 2009).

## III. DISCUSSION

In his Motion to Compel Discovery, Plaintiff seeks to compel further responses to his Requests for Production Nos. 1 through 6. ECF No. 61. Defendants filed a Response opposing Plaintiff's Motion, arguing that Plaintiff's requests are subject to proper objections and that no

3

further documents are required to be produced. ECF No. 63. For the reasons set forth below, the Motion is denied.

### A. Request for Production No. 1

In Request for Production No. 1, Plaintiff requests that Defendants produce Plaintiff's complete prison record. In his Motion to Compel Discovery, Plaintiff refers to Defendants' claim that the strip search policy was implemented in response to incidents involving allegations of excessive force or abuse by corrections staff. ECF No. 61 ¶ 8. Plaintiff argues that his prison record will demonstrate that he does not have a history of false allegations or assaults and can be used to bolster his credibility upon cross-examination. Id. ¶¶ 9, 10. In their Response, Defendants object to producing these documents, arguing that this request is overbroad and seeks information that is not relevant, noting that Defendants have not alleged the policy is based upon Plaintiff's personal conduct. ECF No. 63 ¶¶ 14-15.

Upon review, the Court agrees with Defendants that this request is overly broad and seeks information that is not relevant, because Defendants do not claim that the relevant policy is based on Plaintiff's conduct. Moreover, by requesting his entire prison record, Plaintiff seeks various documents that are not relevant to the specific issue he raises here, or more broadly to Plaintiff's claim. The Court also notes that Plaintiff has personal knowledge of his own conduct and whether he ever made any "false allegations." Even if Plaintiff's history of allegations against corrections staff arguably had any relevance, Plaintiff is already in possession of this information. Therefore, this request is denied.

### B. Request for Production No. 2

In Request for Production No. 2, Plaintiff seeks the production of incident reports for any incidents that prompted the installation of the strip-room search cameras. In his Motion to Compel

4

Discovery, Plaintiff argues that Defendants made this information relevant by citing to these incidents as the reason for the policy at issue. ECF No. 61 ¶ 14. In their Response, Defendants object to producing these records, arguing that the production of information to an inmate regarding other inmates violates Pennsylvania Department of Corrections ("DOC") policy and infringes upon the privacy interests of other inmates. ECF No. 63 ¶ 16.

Upon review, the Court notes that incident reports regarding other inmates could potentially contain confidential information about those inmates as well as any named staff members and would create a security risk. See Robinson v. Folino, No. 14-227, 2016 WL 4678340, at *3 (W.D. Pa. Sept. 7, 2016) (denying request to produce grievances that potentially contained confidential information regarding inmates and staff). At the same time, Defendants have provided Plaintiff with information regarding the nature of the incidents that led to the creation of the policy, and Plaintiff does not demonstrate a need for the underlying incident reports. See, e.g., ECF No. 33-1. Given the potential privacy and security concerns implicated by Plaintiff's request and Plaintiff's prior receipt of information relevant to this issue, the Court denies this request.

### C. Request for Production No. 3

In Request for Production No. 3, Plaintiff requests that Defendants produce an unredacted version of the Zaken Declaration. Plaintiff previously received the Zaken Declaration with three sentences redacted. ECF No. 33-1 ¶¶ 13-14. Plaintiff argues that this document should be produced in full, because Defendants cannot legally claim privilege, lack of relevance or confidentiality. ECF No. 61 ¶¶ 19. In their Response, Defendants do not specifically address this request and instead stand on their objections. ECF No. 63 ¶¶ 11-12. Specifically, Defendants object to producing this document on the grounds that is privileged, confidential, and a security

concern if provided to an inmate, and because it is not relevant and proportional to the needs of the case.

Based on the Court's *in camera* review of the unredacted Zaken Declaration, the Court agrees with Defendants that disclosure could endanger facility security if disclosed. Accordingly, this request is denied.

**D. Request for Production No. 4**

In Request for Production No. 4, Plaintiff seeks rules, regulations, and policies of the DOC regarding inmate strip-searches, including, but not limited to, Policy No. 06.03.01 (Facility Security Procedures Manual), section 1-responsibilities; section 30-searches; section 32-use of force, general provisions & video recording; and section 42-operation of cctv monitoring and recording. Plaintiff argues that these documents are relevant because they pertain to the DOC's policies and procedures for video recording and monitoring and are therefore necessary for Plaintiff to determine whether Defendants are in violation of DOC policy. ECF No. 61 ¶¶ 20-21. In response, Defendants argue that this is a confidential policy and procedures manual governing certain aspects of the DOC's institutional operation, and that disclosure of such information to an inmate could endanger facility security. ECF No. 63 ¶ 17. Defendants note that courts have sustained objections to the "wholesale release" of this policy manual on these grounds. Id.

Upon review, Plaintiff's request is denied. As Defendants note, these procedural manuals contain confidential policies and procedures for facility security and control, which could undermine institutional security if produced to inmates. See Mercaldo v. Wetzel, No. 1:13-cv-1139, 2016 WL 5851958 (M.D. Pa. Oct. 6, 2016) (noting that "numerous federal courts in Pennsylvania have sustained the Department of Corrections' objections to wholesale release of the procedures manual to 6.5.1 and 6.3.1"). At the same time, these materials do not appear likely to

contain information relevant to Plaintiff's claim. Although Plaintiff requests various DOC policies, he claims that the video recording policy at issue here is specific to SCI-Greene, and it is not a DOC policy. See ECF No. 26 ¶ 9.

### E. Request for Production No. 5

In Request for Production No. 6, Plaintiff requests any and all statements, originals or copies, identifiable as reports, complaints and/or grievances about strip-search policy and practice at SCI-Greene from April 1, 2018 to present. Plaintiff argues that these documents are necessary to "establish motive, intent, preparation, or plan on the part of the Defendants." ECF No. 61 ¶ 26. Defendants oppose this request, arguing that complaints made by other inmates about the policy are not discoverable because it is against DOC policy to produce information regarding inmates to other inmates and it unduly infringes upon inmates' privacy interests. ECF No. 63 ¶ 16.

Upon review, the Court finds that this request is of questionable relevance, is overly broad, and seeks information that could unduly infringe upon the privacy rights of other inmates with respect to various issues not related to Plaintiff's claims. Grievances or complaints regarding strip searches are not reasonably calculated to produce information regarding Defendants' "motive" in implementing the policy at issue. Accordingly, this request is denied.

### F. Request for Production No. 6

In Request for Production No. 6, Plaintiff requests "[a]ny and all internal memos, communications, works orders, or policies for the installment of the visiting strip camera(s)." Plaintiff argues that Defendants' privilege and confidentiality objections are improper. ECF No. 61 ¶ 27. In their Response, Defendants argue that information related to the installation of the strip cages and video cameras could compromise facility security if provided to inmates, and it is not

relevant to determining the reasonableness of the strip search policy under the Fourth Amendment. ECF No. 61 ¶ 27.

Upon review, this request is also denied. Documents related to the installation of the camera are not reasonably calculated to lead to the discovery of evidence relevant to Plaintiff's claims and may pose institutional security concerns if produced to inmates.

## IV. CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's Motion to Compel Discovery, ECF No. 61.

## ORDER

WHEREFORE, it is hereby ORDERED on this 23rd day of December, 2019 that Plaintiff's Motion for an Order Compelling Discovery, ECF No. 61, is denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110,

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: Thuy Van Vo
KJ 8911
175 Progress Drive
Waynesburg, PA 15370

All counsel of record via CM/ECF.