IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THUY VO,<br><br>      Plaintiff,<br><br>v.<br><br>ROBERT GILMORE, MICHAEL ZAKEN, and STEPHEN DURCO,<br><br>      Defendants. | Civil Action No. 18-1364<br>District Judge J. Nicholas Ranjan<br>Magistrate Judge Maureen P. Kelly<br><br>Re: ECF No. 86 |

## MEMORANDUM ORDER

Plaintiff Thuy Vo ("Plaintiff") initiated this *pro se* prisoner civil rights action pursuant to 42 U.S.C. § 1983 on October 15, 2018. ECF Nos. 1, 8. Plaintiff is incarcerated at the State Correctional Institution at Greene ("SCI-Greene"), and he asserts claims against three SCI-Greene employees. Plaintiff alleges that Defendants violated his Fourth Amendment right to bodily privacy through its policy of video-recording strip searches.

Presently before the Court is Plaintiff's Motion for an Order Compelling Discovery ("Motion to Compel Discovery"). ECF No. 86. For the reasons set forth below, Plaintiff's Motion to Compel Discovery is denied.

I.     **RELEVANT PROCEDURAL HISTORY**

Plaintiff's initial Complaint was filed on November 27, 2018, and he later filed the operative Amended Complaint on February 22, 2019. ECF Nos. 8, 26. In his Amended Complaint, Plaintiff claims that Defendants violated his Fourth Amendment rights by "implement[ing] a policy of video-recording strip searches of inmates going to, and coming from contact visits, and while using the bathroom." ECF No. 26 ¶ 8. Plaintiff alleges that inmates are subjected to strip

searches "with their genitals and private parts in full view of a 360 degree ceiling camera every time they wish to have contact visits, or use the bathroom during visits." Id. ¶ 12. These recordings are stored and "viewed at all times by SCI-Greene's security staff," which includes prison officials not present during the search and individuals of the opposite sex. Id. ¶ 13.

On March 11, 2019, Defendants moved to dismiss Plaintiff's Amended Complaint. ECF No. 30. Defendants argued that Plaintiff's claims should be dismissed because the searches are reasonable under the standard set forth in Bell v. Wolfish, 441 U.S. 520, 558 (1979), and therefore do not violate Plaintiff's Fourth Amendment rights. ECF No. 31. In support of their Motion, Defendants relied in part on a declaration from Defendant Michael Zaken (the "Zaken Declaration"). Zaken identified various precautions that SCI-Greene officials purportedly have taken to ensure that inmates' private areas are not recorded during strip searches and to limit the circumstances in which the videos are viewed. ECF No. 31-1.

On July 24, 2019, the Court issued a Report and Recommendation which recommended that the Motion to Dismiss be denied. ECF No. 44. The Court concluded that "Plaintiff's allegations that nude images of Plaintiff are recorded and stored for an unknown amount of time, are viewed by various prison officials, including officials of the opposite sex, and that this policy was imposed for retaliatory purposes, raise questions of fact regarding the reasonableness of relevant searches under Bell and therefore preclude dismissal at this early stage." Id. at 5. United States District Judge Nicholas J. Ranjan adopted the Report and Recommendation on August 13, 2019. ECF No. 47.

On September 3, 2019, the Court issued a case management order allowing a period for discovery until January 15, 2020. ECF No. 49. At Plaintiff's request, the Court granted Plaintiff two extensions of the discovery period, until March 16, 2020. ECF Nos. 68, 83 and 84. Since the

commencement of the discovery period, Plaintiff has filed three Motions to Compel Discovery, including the instant Motion to Compel Discovery, which was filed on March 2, 2020. ECF No. 61, 66 and 86.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 26(b)(1) defines the permissible scope of discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the Court's discretion and judgment. It has long been held that decisions relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. Wisniewski v. Johns–Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. Morrison v. Phila. Hous. Auth., 203 F.R.D. 195, 196 (E.D. Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust Litig., 261 F.R.D. 570, 573 (D. Kan. 2009).

## III. DISCUSSION

In his Motion to Compel Discovery filed at ECF No. 86, Plaintiff seeks to compel further responses to Interrogatory Nos. 1-3 of Plaintiff's Second Set of Interrogatories. These requests seek information related to the brand name, make, model, manufacturer, and date of installation of the x-ray body scanner. Id. at 1. Defendants objected to disclosing this information, asserting that it is not relevant to Plaintiff's claims and not proportional to the needs of the case.

Upon review, this Motion to Compel Discovery is denied. Plaintiff's claim arises out of alleged violations of his Fourth Amendment rights as a result of strip searches being video recorded. Plaintiff's claims do not relate to the x-ray body scanner itself, such as a products liability or negligence case would relate. As such, information regarding the x-ray body scanner is not relevant to Plaintiff's claim.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel Discovery, ECF No. 86, is denied.

## ORDER

WHEREFORE, it is hereby ORDERED on this 5th day of March, 2020 that Plaintiff's Motion for an Order Compelling Discovery, ECF No. 86, is DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110,

Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: Thuy Van Vo
KJ 8911
175 Progress Drive
Waynesburg, PA 15370

All counsel of record via CM/ECF.