IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THUY VAN VO,<br><br>        Plaintiff,<br><br>    v.<br><br>ROBERT GILMORE, MICHAEL ZAKEN, and STEPHEN DURCO,<br><br>        Defendant. | 2:18-cv-1364-NR-MPK<br><br>Hon. J. Nicholas Ranjan<br><br>Magistrate Judge Maureen P. Kelly |

### MEMORANDUM ORDER

This is a *pro se* prisoner civil rights action under 42 U.S.C. § 1983. Plaintiff Thuy Van Vo alleges that Defendants violated his privacy rights under the Fourth Amendment through their policy of video recording inmate strip searches. This matter was referred to Magistrate Judge Maureen P. Kelly for proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court.

Mr. Vo has filed objections to Judge Kelly's order denying his motion to compel discovery. [ECF 89; ECF 91]. Under Federal Rule of Civil Procedure 72(a), any party may object to a magistrate judge's non-dispositive order within 14 days of being served a copy of that order. Fed. R. Civ. P. 72(a). If a party timely objects, the district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017). Under this standard, the Court reviews findings of fact for "clear error" and matters of law "*de novo.*" *Id*. If neither party timely objects, the magistrate judge's order "becomes binding unless the district court takes some action to overrule it." *Id*.

Mr. Vo's objections are timely, and the denial of a motion to compel discovery is a question of law subject to *de novo* review. The Court thus considers the objections on a clean slate. In his motion, Mr. Vo sought to compel Defendants to respond to the following three interrogatories:

> **INTERROGATORY #1:** "Please state the brand name, make and model number of the x-ray body scanner."
>
> **INTERROGATORY #2:** "Please state the name of the x-ray body scanner's manufacturer."
>
> **INTERROGATORY #3:** "Please state the date of installation of the x-ray body scanner."

Defendants objected to each interrogatory on the grounds that it sought "information that is not relevant to [Mr. Vo's] claims and not proportional to the needs of the case." Judge Kelly agreed, and denied the motion to compel, reasoning that such information was "not relevant" because Mr. Vo's claims "do not relate to the x-ray body scanner itself, such as a products liability or negligence case would relate." [ECF 89].

Not so, says Mr. Vo. He objects and argues that this discovery is "relevant as to the reasonableness of the Defendants' policy and practice," because "[t]he x-ray body scanner was added as part of the Defendants' procedure" and "information about this addition makes the reasonableness of Defendants' policy less probable." [ECF 91]. Though not clear from the record, the Court infers from Mr. Vo's reference to the x-ray scanner as "part of the Defendants' procedure" that the scanner in question is one that he believes was used in the same security-screening process that included the strip searches at issue.

After *de novo* consideration, the Court agrees with Judge Kelly's decision as to Interrogatory Nos. 1 & 2, but will sustain, in part, Mr. Vo's objection to the denial of his motion to compel a response to Interrogatory No. 3. Under

Federal Rule of Civil Procedure 26(b), a party may generally discover any information "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *see also Trask v. Olin Corp.*, 298 F.R.D. 244, 257-58 (W.D. Pa. 2014). As Judge Kelly correctly recognized, Interrogatory Nos. 1 & 2 do not meet this test. Indeed, the brand name, make, model number, and manufacturer of any x-ray scanner used by the prison simply have no bearing on the reasonableness of any policy regarding videotaped strip-searches. Thus, this information is not discoverable.

But the Court reaches a different conclusion on Interrogatory No. 3. Specifically, while the Court agrees that the specific installation date is not, in itself, relevant, it could be relevant for Mr. Vo to discover if an x-ray scanner was used as part of the same screening procedure during the relevant time period (*i.e.* the time period when Defendants allegedly enacted a policy of videotaping strip searches). That is because, to the extent that the "reasonableness" of Defendants' policy is at-issue, Mr. Vo could, in theory, point to the presence of additional, readily available screening measures (such as the x-ray scanner) to argue that the strip-search policy was unnecessary, and perhaps adopted for some ulterior, non-penal purpose, *e.g.* to humiliate and thus deter contact visitation or punish disfavored inmates. *See Bell v. Wolfish*, 441 U.S. 520, 559 (1979) ("Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.").

Of course, Defendants would have every opportunity at summary judgment and trial to rebut such a theory or expose its legal deficiencies. *See, e.g. id.* at 561-62 ("Respondents simply have not met their heavy burden of showing that these officials have exaggerated their response to the genuine security considerations that actuated these restrictions and practices."). And

the Court expresses no view on whether such an argument is convincing or well-supported in light of any other evidence that will ultimately be entered into the record (which the Court has not seen). But, at this stage, it is enough to clear the low hurdle of potential relevance and make the information discoverable under Rule 26(b).

For these reasons, the Court will sustain, in part, Mr. Vo's objection to Judge Kelly's denial of his motion to compel a response to Interrogatory No. 3. Specifically, Defendants must respond to Interrogatory No. 3 by confirming whether an x-ray scanner was installed as part of the procedure for screening inmates attending contact visits at SCI-Greene before and during the time period in which the prison "made the decision to record … strip searches[.]" [ECF 31 at p. 4]. Defendants will not, however, be required to disclose the exact installation date of any x-ray scanner. In the Court's view, requiring Defendants to determine the exact installation date would not be proportional to the need of this discovery, particularly because the date itself is not relevant—just whether x-ray scanners were (or were not) present during the relevant time period.

## ORDER

**AND NOW,** this **22nd day of April, 2020**, upon consideration of Plaintiff Thuy Van Vo's objections, [ECF 91], to Magistrate Judge Maureen P. Kelly's order, [ECF 89], denying his motion to compel discovery, [ECF 86], it is hereby **ORDERED** that Mr. Vo's objections are **OVERRULED IN PART** and **SUSTAINED IN PART** as follows:

(1) Mr. Vo's objection to Judge Kelly's denial of his motion as to **INTERROGATORY NO. 1** is **OVERRULED** and his motion is **DENIED** as to that interrogatory, in accordance with Judge Kelly's previous order.

(2) Mr. Vo's objection to Judge Kelly's denial of his motion as to **INTERROGATORY NO. 2** is **OVERRULED** and his motion is **DENIED** as to that interrogatory, in accordance with Judge Kelly's previous order.

(3) Mr. Vo's objection to Judge Kelly's denial of his motion as to **INTERROGATORY NO. 3** is **SUSTAINED IN PART** and his motion is **GRANTED IN PART** as to that interrogatory. Specifically, it is hereby **ORDERED** that Defendants respond to **INTERROGATORY NO. 3** by confirming whether or not an x-ray body scanner was installed and available for use as part of the procedure for screening inmate contact visits at SCI-Greene before and during the time period in which the prison "made the decision to record … strip searches[.]" [ECF 31 at p. 4]. Defendants are directed to serve Mr. Vo with their response on or before **May 5, 2020**.

DATE: April 22, 2020                    BY THE COURT:

                                                        */s/ J. Nicholas Ranjan*
                                                        United States District Judge