FILED

DEC 14 2020

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Thuy Van Vo,               :
      Plaintiff            :
                           :     Civil Action No.
         v.                :     2:18-cv-01364-NR-MPK
                           :
Robert Gilmore, Michael Zaken, :
and Stephen Durco,         :
      Defendants           :

## PLAINTIFF'S OBJECTION TO THE MAGISTRATE

### JUDGE'S REPORT AND RECOMMENDATION [ECF No. 118]

TO THE HONORABLE JUDGE OF SAID COURT:

   NOW COMES Plaintiff, Thuy Van Vo, pro se, and pursuant to Fed.R.Civ.P.

Rule 72, Local Rule 72.D.2., and 28 U.S.C. §636(b)(1), respectfully Objects

to the Report and Recommendation (R&R) of the Magistrate Judge at [ECF No.

118]. In support of this Objection, Plaintiff states as follows:

### I. LEGAL STANDARD

1.     "In reviewing a pretrial matter on appeal from a
       magistrate judge, a District Court's review is limited
       to determining whether the Magistrate Judge's order
       'is clearly erroneous or contrary to law.'" 28 U.S.C.
       §636(b)(1)(A).

### II. PLAINTIFF'S OBJECTION

A. EXHAUSTION OF ADMINISTRATIVE REMEDIES:

2.     "Although Plaintiff claims that he reported 'voyeurism'
       under DC-ADM 008, such conduct only relates to 'an
       invasion of privacy for reasons unrelated to official
       duties.' Here, the video surveillance and recording
       of an inmate strip search relates to official duties,
       maintaining security relative to visits. Therefore, it
       is not 'voyeurism.'" [ECF No. 118, at pg. 10].

3. Plaintiff objects to this statement by the Magistrate Judge as being erroneous. The Defendants have admitted that the Officers conducting these strip searches were "not properly utilizing the security cage so that the opaque barrier was not in place during the strip searches." Zaken Decl., at [ECF No. 107-1, paragraph 37].

4. The purpose of the opaque barrier, as described by the Defendants, is to shield Plaintiff's genitals and private area from the camera's view. [Id. at 35]. The officers conducting these strip searches went beyond the scope of their "official duties" when they intentionally held the cage door open and stood out of the way of the camera's view, guaranteeing that Plaintiff's genitals and private area would be captured on video.

5. The Defendants themselves describe the "official duty" of the officers conducting these strip searches as "properly utilizing the security cage." [Id. at 37]. Therefore, because the officers went beyond the scope of their official duties, Plaintiff had a legitimate, good faith basis to assert a claim of voyeurism, because Plaintiff had an honest belief that the officers demonstrated a clear intent to capture his genitals and private area on video in violation of the Defendants' own strip search policy. Plaintiff submits that this is voyeurism, and Plaintiff exhausted the proper remedy.

6. Furthermore, the Defendants never responded to Plaintiff's PREA complaint to notify him that his complaint was substantiated, unsubstantiated, or unfounded in violation of DC-ADM 008 Section 8 A.1 and 8 A.2: [ECF No. 98-1, pg. 73].

> "1. Following the investigation into an inmate's allegation of sexual abuse in a facility within the Department, the Prison Rape Elimination Act (PREA) Compliance Manager (PCM) at the facility where the inmate is housed shall inform the inmate in writing within five business days of the closure of the investigation on the PREA Investigation - Inmate Notification Form (Attachment 8-A) as to whether the allegation has been determined to be substantiated, unsubstantiated, or unfounded. (28 C.F.R. §115, 73[a]).

"2. If another agency conducts the investigation, the PCM shall request the relevant information from the investigative agency in order to inform the inmate within ten business days of receipt of the information. (28 C.F.R. §115.73[b]).

7. Plaintiff objects to the Magistrate Judge's R&R as also being contrary to case law. The Western District Court has previously held:

"Prison officials may not take unfair advantage of the exhaustion requirement, ... and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting."

Ponton v. Bailey, 2006 WL 3498309, *4 (W.D.Pa., Dec. 4, 2006), citing

Dole v. Chandler, 438 F.3d 804, 809, 812 (7th Cir. 2006), (emphasis added).

8. The Middle District Court had a similar and even more applicable holding:

"refusing to dismiss for non-exhaustion where the failure to exhaust was caused by prison officials' failure to follow their own rules."

Kinzey v. Beard, 2006 WL 2829000, *10 (M.D.Pa., Sept. 1, 2006).

9. Even if Plaintiff had failed to exhaust the correct administrative remedy (which he disputes), the Defendants are responsible for violating their own rules. Had Plaintiff been notified that his PREA complaint was unfounded, (as policy requires), he would have exhausted the grievance process.

10. Because of (1) the Defendants' admission regarding the improper conduct of their officers, (2) the willful and intentional exposure of Plaintiff's genitals and private area to the camera, and (3) the Defendants' failure to notify Plaintiff about the status of his PREA complaint in violation of the PREA policy (DC-ADM 008), Plaintiff respectfully asserts that the R&R of the Magistrate Judge regarding exhaustion is both clearly erroneous and contrary to law.

11. As such, Plaintiff respectfully requests that his Objection be sustained, and the Defendants' Motion for Summary Judgment be DENIED.

**B. FOURTH AMENDMENT CLAIM:**

12. Plaintiff raises several objections to the Magistrate Judge's R&R, the first of which is that the R&R is contrary to clearly established federal law.

**Bell v. Wolfish**, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).

13. The United States Supreme Court in Bell laid out (4) factors which determine whether or not a search is reasonable. Id at 559. Of those (4) factors, the Defendants (by their own admission) have failed to satisfy the 2nd Bell factor, **"the manner in which it is conducted."** Defendant Zaken admitted, and the Magistrate Judge acknowledged the admission [ECF No. 118, at pg. 14, paragraph 2] that the strip searches of Plaintiff were being conducted improperly. See Zaken Decl. at [ECF No. 107-1, paragraph 37].

14. The Magistrate Judge goes on to state that (according to Zaken Decl.), "Defendant Zaken has acknowledged lapses in implementing the video surveillance policy, which have since been corrected." [ECF No. 118, at pg. 14, par. 2]. Plaintiff submits that: (1) it is irrelevant what the Defendants did after Plaintiff's rights were violated; (2) Plaintiff provided three declarations attached as Appendices to Plaintiff's Responsive Concise Statement at [ECF No. 105] which contradicts the assertions in Zaken Decl., at [ECF No. 107-1, paragraph 37] on which the Magistrate Judge based the R&R; and (3) the Defendants provided no evidence other than the self-serving declaration of Defendant Zaken to support their motion for summary judgment, which the United States Supreme Court has repeatedly held is insufficient to withstand a motion for summary judgment. "Conclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment." **Berrada v. Cohen**, 2019 U.S. App. LEXIS 32782; **Lujan v. Nat'l Wildlife Fed'n**, 497 U.S. 871, 888, 110 S.Ct. 3177, III L.Ed.2d 695 (1990).

15. Plaintiff's second objection that the Magistrate Judge's R&R is clearly erroneous and contrary to law is in regard to the Fourth Amendment.

**Hudson v. Palmer, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984)**

16. "The applicability of the Fourth Amendment turns on whether the person invoking its protection can claim a justifiable, a reasonable, or a legitimate expectation of privacy that has been invaded by government action." Id. at 525.

**Katz v. United States, 389 U.S. 347, 361, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967)**

17. "A search under the Fourth Amendment occurs when the government invades one's reasonable expectation of privacy." Id. See also **Kyllo v. United States,** 533 U.S. 27, 33, 121 S.Ct. 2038, 150 L.Ed.2d 94 (2001).

18. Defendant Zaken establishes Plaintiff's reasonable expectation of privacy in his declaration at [ECF No. 107-1, paragraph 35]:

> "As indicated in my previous declaration, the visiting room <u>security cages</u> wherein the strip searches are conducted <u>are designed and constructed so that there is an opaque barrier across the front and side of the security cage such that the genitals or private areas of the inmates are not captured by the video surveillance.</u>" [ECF No. 107-1, at 35] (emphasis added).

19. Here, Defendant Zaken states that the clear intent and purpose of the security cage was to ensure Plaintiff's right to bodily privacy in his genitals and private area. Defendant Zaken acknowledges that right was violated by his officers at [ECF No. 107-1, at 37].

20. However, although Defendant Zaken claims to have remedied the abuse of his policy by his officers, Plaintiff has provided evidence that the Defendants had prior knowledge of these improperly conducted strip searches and allowed them to continue for over (2) years. See [ECF No. 105, Appendix C, D, and E].

21. Based upon the Supreme Court's holding in **Hudson**, **Katz**, and **Kyllo**, the Defendants' acknowledgment of Plaintiff's expectation of privacy in his genitals, and the Defendants' admission that their officers violated that expectation, Plaintiff respectfully objects to the Magistrate Judge's R&R as being clearly erroneous and contrary to clearly established Federal law, as Plaintiff clearly had a reasonable expectation of privacy that his genitals and private area would not appear on the surveillance camera.

22. Plaintiff's third objection that the Magistrate Judge's R&R is clearly erroneous and contrary to law is in regard to the Magistrate Judge's reliance on **Watley v. Pike Cnty.**, No. 3:17-cv-1539, 2018 WL 6018903, at *11 (M.D.Pa. Nov. 16, 2018), and **Fatir v. Phelps**, No. 18-933, 2019 WL 2162720, at *6 (D.Del. May 17, 2019).

23. Plaintiff submits that **Watley** and **Fatir** have absolutely no relevance whatsoever to the instant case.

**Watley v. Pike Cnty.:**

24. In **Watley**, "Defendants in their reply dispute the classification of the search at issue as a 'strip search,' noting that officers did not examine Watley's genitals or buttocks, but instead disrobed him quickly and placed him in a suicide smock. (See Doc. 20, 6-7). Watley admits that his buttocks and/or genitals were not examined during the search. (See Defs.' SMF, ¶44; Pl.'s SMF, ¶44)." **Watley**, at footnote No. 6, (emphasis added).

25. In the instant case, the officers conducting the strip searches deliberately held the cage door open and stood out of the way of the camera's view with the apparent intent of displaying Plaintiff's genitals and private area on camera.

26. In **Watley**, the camera at issue was described as a "hand held body camera," and the reason Watley was stripped while recorded was because he

was being placed on suicide watch and therefore had no reasonable expectation of privacy under the Fourth Amendment.

27. In the instant case, the camera at issue is mounted on the ceiling, and is routinely used during strip searches of inmates going to, and coming from visits, and Plaintiff had a reasonable expectation of privacy as established by Defendant Zaken. (See paragraphs 18-21, supra).

28. Lastly, **Watley** raised a Fourth and Fourteenth Amendment claim, and the instant Plaintiff is only raising a Fourth Amendment claim.

**Fatir v. Phelps:**

29. In **Fatir**, those plaintiffs raised several claims that the instant did not: Fifth Amendment, Eighth Amendment, Fourteenth Amendment, HIPAA, the False Claims Act, PREA, and the Delaware Constitution.

30. In **Fatir**, the "Complaint does not allege that Defendants conducted the search in an unreasonable manner." **Fatir**, at [2019 U.S. Dist. LEXIS 19]. In the instant case Plaintiff does, and Defendant Zaken admitted that the searches were not being conducted properly. See Zaken Decl. [ECF No. 107-1, at 37]. Moreover, **Fatir**, did not survive a motion to dismiss and proceed to summary judgment, and the Plaintiff in the instant case did.

31. Based on the numerous factual difference between **Watley**, **Fatir**, and the instant case, Plaintiff respectfully asserts that **Watley** and **Fatir** have no relevance to the instant case that would support a finding in favor of summary judgment. As such, Plaintiff respectfully objects to the Magistrate Judge's R&R as being clearly erroneous and contrary to law.

32. Plaintiff's Fourth objection that the Magistrate Judge's R&R is clearly erroneous and contrary to law is the Magistrate Judge's holding that:

> "Although Plaintiff argues that the cage door has
> not been closed on several occasions, Defendant

> Zaken has acknowledged lapses in implementing the
> video surveillance policy, which had since been
> corrected. Because Plaintiff's claim arises out of
> SCI-Greene's policy, this fails to create a genuine
> issue of material fact as to whether the policy,
> itself, violates his Fourth Amendment rights."
> [ECF No. 118, at pg. 14].

33. The statement that the "lapses in implementing the video surveillance policy...have since been corrected," is based solely on Defendant Zaken's Declaration and nothing else. While Plaintiff had provided declarations from (2) other inmates which contradicted the facts in Zaken's Declaration, and demonstrated that these "lapses" have not been corrected, it appears that the Magistrate Judge gave no consideration whatsoever to Plaintiff's evidence and based the R&R solely on Defendant Zaken's word, which is not only contrary to rulings in **Berrada** and **Lujan**, (paragraph 14 supra), but also contrary to Fed.R.Civ.P. Rule 56:

> "Under Rule 56, the Court must view the evidence
> presented on the motion in the light most favorable
> to the non-moving party."

See **Anderson v. Liberty Inc.**, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), at 255.

34. The statement that "Because Plaintiff's claim arises out of SCI-Greene's policy, this fails to create a genuine issue of material fact as to whether the policy, itself, violates his Fourth Amendment rights," is clearly erroneous as it is inconsistent with the facts Plaintiff put forth in his Complaint.

35.     "Since approximately March of 2018, the Defendants
        have implemented, authorized, maintained, permitted,
        and enforced a policy, procedure, and practice in
        which inmates in their custody are subjected to
        strip-searches with their genitals and private parts
        in full view of a 360 degree ceiling camera every
        time they wish to have contact visits, or use the
        bathroom during visits." [ECF No. 26, at paragraph
        12], (emphasis added).

36. Plaintiff's claim is not based on the Defendants' policy <u>itself</u>, as stated by the Magistrate Judge. Plaintiff's claim is based on the policy AND practice. The "practice" portion of the claim was omitted from the Magistrate Judge's R&R as well as the Defendants' motion for summary judgment.

37. The practice is a crucial point to the Fourth Amendment claim because since March of 2018, the Defendants were made aware of their officers' improper conduct (practice), and eventually admitted that their officers' practice was inconsistent with the original intent of their policy. In spite of the Defendants' knowledge of their officers' conduct, they permitted it to continue for over (2) years. Defendant Zaken confirms for this Court that he made no attempts to correct his officers' conduct until after the initiation of the instant law suit, (see [ECF No. 107-1, at 37-38]), but failed to specify an exact or approximate date.

38. Plaintiff respectfully asserts that because the Defendants knew of their officers' improper abuse of the policy they implemented, and permitted it to go on for over (2) years, the Defendants have supervisory liability under §1983:

> "It is well established that no liability exists under section 1983 solely by means of vicarious liability or respondeat superior. <u>Shaw v. Stackhouse</u>, 920 F.2d 1135, 1147 (3rd Cir. 1990). Instead, in order for section 1983 liability to attach, a plaintiff must show that a defendant was personally involved in the deprivation of his or her federal rights. See <u>Evancho v. Fisher</u>, 423 F.3d 347, 353 (3rd Cir. 2005). In cases involving a supervisory or reviewing defendant, personal involvement may be shown through 'allegations of personal direction or of <u>actual knowledge and acquiescence</u>.' Id. at 353 quoting <u>Rode v. Dellarciprete</u>, 835 F.2d 1195, 1207 (3rd Cir. 1988). <u>In cases where a supervising official knowingly permits a continuing custom or policy that results in harm to a Plaintiff</u>, §1983 liability may attach. See <u>Colburn v. Upper Darby Twp.</u>, 838 F.2d 663, 673 (3rd Cir. 1988).

9.

> At a minimum, such liability attaches 'only where
> there are both (1) contemporaneous knowledge of
> the offending incident or knowledge of a prior
> pattern of similar incidents, and (2) circumstances
> under which the supervisor's inaction could be found
> to have communicated a message of approval to the
> offending subordinate.' Colburn, 838 F.2d at 673
> (quoting Chinchello v. Fenton, 805 F.2d 126, 133
> (3rd Cir. 1986)."

**Anderson v. Folino,** 2011 U.S. Dist. LEXIS 105785 at (2011 U.S. Dist.

LEXIS 43), (emphasis added).

39. Plaintiff respectfully asserts that each of the aforementioned

statements cited in the Magistrate Judge's R&R are clearly erroneous and

contrary to clearly established Federal law.

40. Plaintiff's final objection that the Magistrate Judge's R&R is

clearly erroneous and contrary to law is the statement by the Magistrate

Judge on page 14 of the R&R:

> "In any event, these incidents do not raise privacy
> concerns beyond the mere fact of video recording
> the strip searches. Simply recording a strip
> search – with or without a security cage – does
> not violate an inmate's Fourth Amendment rights."
> [ECF No. 118, pg. 14, paragraph 2].

41. Plaintiff objects to this statement by the Magistrate Judge. In

support of this statement, the Magistrate Judge cited **Watley,** which Plaintiff

has established in paragraphs 24-28 supra, has no relevance to the instant

case because Watley had no reasonable expectation of privacy because he was

being placed on suicide watch, and the camera was not focused on his genitals

and private area.

42. As a final matter, there are two decisions within this Circuit

that support Plaintiff's Fourth Amendment claim, and are contradicted by

the Magistrate Judge's above statement:

"Canedy v. Boardman, 16 F.3d 183, 185 (7th Cir. 1994)
(The Fourth Amendment protects an inmate against the
forced observation of his naked body, and it is an even
greater invasion of privacy to be viewed naked by the
opposite sex."

See **Byler v. Dep't of Corr.**, 2009 U.S. Dist. LEXIS 103494 (3rd Cir. 2009).

43.     "The isolated nature of the incident does not defeat
        the claim. See Hayes v. Marriott, 70 F.3d 1144, 1147
        (10th Cir. 1995) (single viewing of an inmate by prison
        officials of the opposite sex can be enough for a
        Fourth Amendment violation."
        "Although limited in the prison context, a person has a
        basic right of privacy in his naked body, **not just in
        having it viewed by the opposite sex**, although the
        interest is strong in the latter circumstances."

See **Solon v. Ranck**, 2007 U.S. Dist. LEXIS 84903 (M.D.Pa., Nov. 16, 2007).

44. Here, the Middle District held that a Fourth Amendment violation
can occur regardless of observers of the opposite sex. They only held that
the violation would be stronger if the observer was of the opposite sex.

45. As to Plaintiff's expectation of privacy, the Defendants are the
ones who established that expectation, allowed it to be repeatedly violated
over a (2) year period, then admitted to the violation. The fact that the
Defendants claim to have remedied their officers' behavior after the
violations does not change the fact that these violations occurred, (and
were permitted to continue).

46. WHEREFORE, based on all of the foregoing facts, authorities, and
citations to the record, Plaintiff respectfully prays this Honorable Court
to sustain Plaintiff's objections, and DENY the Defendants' motion for
summary judgment.

## III. CONCLUSION

47. Plaintiff respectfully asserts that he has established that the Magistrate Judge's R&R is clearly erroneous and contrary to clearly established Federal law, specifically: Ponton v. Bailey, Dole v. Chandler, Kinzey v. Beard, Bell v. Wolfish, Berrada v. Cohen, Lujan v. Nat'l Wildlife Fed'n, Hudson v. Palmer, Katz v. United States, Kyllo v. United States, Anderson v. Liberty Inc., Anderson v. Folino, Byler v. Dep't of Corr., Solon v. Ranck, and Fed.R.Civ.P. Rule 56.

48. Plaintiff further asserts that he has demonstrated a reasonable expectation of privacy that his private area and genitals would be shielded from the camera's view, and that expectation was violated, and the Defendants were aware of the violations, admitted to them, and took no steps to correct these violations until some unspecified time after the initiation of the instant law suit.

WHEREFORE, based on the foregoing facts, authorities, and citations to the record, Plaintiff respectfully prays this Honorable Court to sustain Plaintiff's objections, and DENY the Defendants' motion for summary judgment.

Respectfully submitted,

Date: 12-9-20

Thuy Van Vo, pro se
#KJ-8911
175 Progress Drive
Waynesburg, PA  15370

**VERIFICATION**

I, _Thuy Van Vo_, declare under the penalty of perjury that the statements
made in this motion/petition or legal action are true and correct to the best of my knowledge and
belief.  I understand that making false statements herein are made subject to the penalties of
**18 U.S.C.S. § 1001**, relating to fraud and false statements.

Date: _12-9-20_                                   _Ty Va.Vo_
                                                  _Thuy Van Vo_, _pro se_
                                                  DOC# _KJ-8911_
                                                  175 Progress Drive
                                                  Waynesburg, PA. 15370

**PROOF OF SERVICE**

I, _Thuy Van Vo_, do hereby certify that I have served a true and correct
copy of the foregoing motion/petition or legal action, to the parties and in the manner listed
below.  This service satisfies the requirements of Fed. R. Civ. P. Rule 5, and Fed. R. Crim. P.
Rule 49.  This service also satisfies the requirements of the Prisoner's Mailbox Act;
*Commonwealth v. Jones*, 700 A.2d 423 (1997), and *Houston v. Lack*, 108 S. Ct. 2379 (1988).

Service by First Class Mail:

Clerk of Courts                          Senior Deputy Attorney General
U.S. District Court                      Scott Bradley
700 Grant St. Room 3110                  1251 Waterfront Place
Pittsburgh, PA. 15219                    Mezzanine Level
                                         Pittsburgh, PA. 15222

Date: _12-9-20_                                   _Ty Va.Vo_
                                                  _Thuy Van Vo_, _pro se_
                                                  DOC# _KJ-8911_
                                                  175 Progress Drive
                                                  Waynesburg, PA. 15370